IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHOLAS C. RILEY          :
                           :
     v.                    :     CIVIL NO. CCB-12-512
                           :
GAUDENZIA, INC.            :
                   ...o0o...

# MEMORANDUM

Plaintiff Nicholas Riley, representing himself, filed suit against his former employer, Gaudenzia, Inc., alleging gender discrimination in Gaudenzia's failure to promote him to a supervisory position in October 2011. Gaudenzia has filed a motion for summary judgment, to which Riley responded with a lengthy "cross-motion for summary judgment." The memoranda and exhibits have been reviewed under the standards set by Fed. R. Civ. P. 56, and no oral argument is necessary. *See* Local Rule 105.6. (D. Md. 2011).

While Riley was understandably disappointed by his failure to receive a promotion that would have improved his financial status, he has offered no evidence whatsoever to dispute the legitimate non-pretextual reason offered by Gaudenzia: specifically, the superior qualifications of Arvella Floyd, who was selected for the Program Director position after both she and Riley were considered. *See Evans v. Technologies App. & Svc. Co.*, 80 F.3d 954, 960 (4th Cir. 1996). Not only has Gaudenzia submitted affidavits and a contemporaneous "decision grid" that demonstrates Floyd's more extensive experience in both management and counseling, Riley in fact concedes that Floyd was more qualified but suggests she was "over-qualified." His opinion in no way indicates that Gaudenzia's choice of the better qualified candidate was a pretext for gender discrimination. Further, to the extent Riley relies on alleged sexually harassing statements made several years earlier by persons not involved in the October 2011 decision-

1

making process, this also is not sufficient to support his claim.  Indeed, the person central to the October 2011 decision, Sara Monnen, also was involved in an earlier decision to promote Riley from a Counselor III to a Senior Counselor position, which undermines any inference of discrimination.  *Evans*, 80 F.3d at 959, *citing Proud v. Stone*, 945 F.2d 796, 798 (4th Cir. 1991).

Accordingly, judgment will be granted in favor of Gaudenzia. A separate Order follows.


    January 2, 2013             /s/
  Date                 Catherine C. Blake
                       United States District Judge